GENOVESE, Judge.
Bln this case, Defendants appeal the trial court’s judgment in favor of Plaintiffs which held that a sale of Plaintiffs’ radiator business to Defendants had been perfected, and that Plaintiffs were entitled to the purchase price therefor. For the following reasons, we affirm in part, and reverse in part.
FACTS
Prior to May of 2002, Plaintiffs, John David Rachal (Rachal) and Michelle Ra-chal, were the owners of a radiator repair business known as Cenia Radiator Shop in Alexandria, Louisiana.[1] Plaintiffs allege that in May of 2002, Rachal entered into an oral contract with Defendants, Jerry Luzader (Luzader) and Annette Hodges (Hodges), to sell the radiator repair business. When Rachal was not paid the agreed upon consideration of $15,000.00, Plaintiffs filed a Petition to Enforce Contract naming Luzader and Hodges as Defendants.
Defendants deny reaching an agreement with Rachal on the sale of Cenia Radiator Shop. Following the initial discussions regarding the sale of the radiator shop, Lu-zader learned that there were outstanding liens against the equipment and that there were state and federal taxes which were owed. When he learned of these encumbrances, Luzader alleges that he advised Rachal that he was no longer interested in purchasing the business. Plaintiffs then sued Defendants for the purchase price of the business.
Following a trial on the merits, the trial court found that a sale had been perfected between sellers, John David Rachal and Michelle Rachal, and buyers, Jerry Luza-der and Annette Hodges, and rendered judgment in favor of the Rachals for 12$15,000.00 against both Defendants. It is from this judgment that Defendants appeal.
ISSUES
The following issues are presented by Defendants for our review:
1. Whether the trial court erred in finding that John David Rachal sold the business known as Cenia Radiator Shop to Annette Hodges.
2. Whether the trial court erred in finding that John David Rachal and Jerry Luzader actually made an agreement for the purchase of the Cenia Radiator Shop business.
LAW AND ARGUMENT
Standard of Review
The standard of review to be applied in the present case is that of manifest error. This review by an appellate court may be summarized as follows:
Inasmuch as this appeal turns on factual determinations by the trial judge, we must review the record using the manifest error-clearly wrong standard of appellate review. That standard was recently reviewed by our supreme court in Cenac v. Public Access Water Rights Assn., 02-2660, pp. 9-10 (La.6/27/03), 851 So.2d 1006, 1023:
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error- *1288 clearly wrong standard which precludes the setting aside of a trial court’s finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
Pecot v. Calcasieu-Cameron Hosp. Serv. Dist., 03-1102, p. 1 (La.App. 3 Cir. 2/18/04), 867 So.2d 56, 58, writ denied, 04-719 (La.5/7/04), 872 So.2d 1085.
Contract of Sale
Louisiana Civil Code article 2439 defines a sale as “a contract whereby a hperson transfers ownership of a thing to another for a price in money.” This article further provides that “[t]he thing, the price, and the consent of the parties are requirements for the perfection of a sale.” For the following reasons, we agree with the trial court that a contract for the sale of Cenia Radiator Shop was perfected between Rachal and Luzader. However, we find that Plaintiffs failed to prove that Hodges was a party to the contract.
The parties do not dispute that sometime in May of 2002, Luzader stopped by Cenia Radiator Shop and discussed a sale of the business with Rachal. It is also not disputed that the only individuals present during this conversation were Rachal and Luzader. Luzader testified that he had known Rachal for some time and knew that Rachal had been trying to sell the radiator shop. When Luzader was at the radiator shop, he asked Rachal what amount it would take to purchase the business. Luzader and Rachal agreed upon a purchase price of $15,000.00, which was to be paid in three equal payments, without interest. Therefore, in May of 2002, the three elements required for the perfection of the sale, i.e., the thing, the price, and the consent of the parties, were all agreed upon by Rachal and Luzader. There were no conditions or restrictions on the sale.
The subsequent actions of Luzader were consistent with a sale of Cenia Radiator Shop. As noted by the trial court, “[h]e went through with the agreement. He walked onto the premises. He used the equipment. He used the inventory.” Despite learning of the liens, “[ejverything Mr. Luzader did showed he agreed with the deal and he went through with the deal.” Though there were unknown and unexpected liens on the property, when called to the attention of Plaintiffs, they were timely paid out so as not to interfere with the sale to Luzader. By his actions and activity, Luzader agreed to buy the business and consummated the sale. Additionally, |4the trial court found that Luza-der lacked credibility. We find no showing of manifest error on the part of the trial court relative to this issue.
Based on the foregoing, we find that an oral contract for the sale of Cenia Radiator Shop was perfected between Luzader and Rachal. Given that Luzader failed to make any payment toward the sale price, the judgment in favor of Plaintiffs and against Luzader is affirmed.
Such is not the case with respect to Hodges. There was no reasonable factual basis, or supporting evidence in the record, to establish that Hodges was a party to the contract of sale. Rachal testified that he had spoken to Hodges about the sale of Cenia Radiator Shop prior to the meeting that he had with Luzader in May of 2002. According to Rachal, he advised Hodges that he was willing to sell the business to her and Luzader for $15,000.00. It was Rachal’s testimony that two or three days *1289 later, Luzader stopped by the shop to talk to him, and although Hodges was not present, “[he] took it they was [sic] together.” Notably, Rachal’s testimony is very clear that Hodges was not present at the radiator shop in the middle of May 2002 when Luzader and Rachal met and agreed to the terms of the sale. Rachal admitted that when this discussion occurred, and when the consideration of $15,000.00 was agreed upon, only he and Luzader were present. Hodges was neither present nor a part of the discussion relative to the sale of the business. Also noteworthy is the fact that nothing was signed or put in writing by anyone relative to the sale of this business.
Both Hodges and Luzader dispute the fact that Hodges was a party to the contract of sale. We find their testimony to be consistent. The most significant action taken by Hodges was the use of her home as collateral to assist Luzader in obtaining financing for the business. This action was taken months after the sale was perfected | ¡¡between the parties, and there was insufficient proof to establish that Hodges’ assistance in financing or helping out in the business was part of the agreement to sell Cenia Radiator Shop.
The trial court noted that Hodges was present and performed some work at the business. Hodges answered the telephone, swept the floors, paid some bills, and ordered inventory. While such actions do show that Hodges was working at the shop, these actions alone do not prove that she was a party to the contract of sale. According to the record, Hodges was Luzader’s girlfriend, and it is both reasonable and understandable that she would “help out” in the business. Hodges denied that she spoke to Rachal about the purchase of Cenia Radiator Shop before June 1, 2002, or that she ever entered into any agreement with anybody to purchase the business. She never had any contact, conversations, or negotiations with Rachal to purchase his radiator business. Hodges was not present at any of the discussions between Luzader and Rachal regarding the purchase of the business and never signed any sale documents. This evidence was wholly unrefuted by Plaintiffs, other than Rachal’s testimony that he originally spoke to Hodges and advised her of the sale price. Even assuming that such a conversation did occur between Rachal and Hodges, that certainly does not meet the requirements for a contract of sale.
Based on the foregoing, we find that the trial court erroneously concluded that Hodges was a party to the contract for the sale of Cenia Radiator Shop and erred in casting her in judgment for the sale price.
DECREE
For the reasons set forth above, we affirm the judgment of the trial court in favor of John David Rachal and Michelle Rachal against Jerry Luzader in the amount of $15,000.00, plus legal interest from the date of judicial demand until paid, and all | scosts of court. We reverse the judgment of the trial court in favor of John David Rachal and Michelle Rachal against Annette Hodges.
Costs of this appeal are assessed solely against the Defendant, Jerry Luzader.
AFFIRMED IN PART; REVERSED IN PART.

. We note that John David Rachal and Michelle Rachal are both plaintiffs in the lawsuit; however, the parties refer to John David Rachal as the owner of Cenia Radiator Shop. Although this court recognizes the ownership interest of Mrs. Rachal, unless otherwise specified, for consistency, we will refer to Rachal as the owner of Cenia Radiator Shop.